```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL THOMASTON               :      CIVIL ACTION
                                :
          v.                    :
                                :
DISTRICT ATTORNEY OF            :
PHILADELPHIA, et al.            :      NO. 10-957
```

ORDER

AND NOW, this 25th day of January, 2012, upon consideration of petitioner Michael Thomaston's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), the respondent's response thereto (docket entry # 9), and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (docket entry # 12), to which a timely but substantively inadequate objection was filed under Local R. Civ. P. 72.1 IV(b) (docket entry # 13),[1] and the Court finding that in Judge Hey's

---

[1] Loc. R. Civ. P. 72.1 IV(b) provides, in pertinent part, "Any party may object to a magistrate judge's proposed findings, recommendations or report . . . . [and] shall file . . . written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Here, petitioner's three-sentence objection asserts only that he "wants to make clear that he objects to Magistrate Judge ELIZABETH T. HEY's reomendation [sic] to deny [sic] Petition for Writ [of] Habeas Corpus."  Obj.  In her Report and Recommendation, Judge Hey discusses in detail the merits of petitioner's two asserted grounds for relief in over nine pages of her Report and Recommendation's discussion section.
                                                  (continued...)

well-reasoned Report and Recommendation she properly examined all issues of fact and law relevant to the disposition of Thomaston's petition, it is hereby ORDERED that:

1. Thomaston's objection (docket entry # 13) is OVERRULED;

2. The Report and Recommendation (docket entry # 12) is APPROVED and ADOPTED;

3. Thomaston's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DENIED;

4. Thomaston having failed to make a substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

---

[1](...continued)
Petitioner, however, casts only a blanket, conclusory objection at her analysis. Something more is required to trigger de novo review even under a liberal reading of the Local Rule. Courts have found that de novo review of a report and recommendation is required only where an objecting party's objection does more than rehash arguments already made to a magistrate. See Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (collecting cases holding that objections rehashing arguments not entitled to de novo review). Thus, a blanket, conclusory objection stating no substantive objection similarly fails to warrant de novo review. See Windland v. Quarterman, 578 F.3d 314, 316 (5th Cir. 2009) (implying something more than a blanket, conclusory objection is required to "alert[] the district court to the pertinent issue" petitioner has with the Magistrate's report and recommendation). On these grounds, we decline to engage in de novo review.

        5.    The Clerk of Court shall CLOSE this case statistically.

                                      BY THE COURT:

                                      <u>/s/ Stewart Dalzell, J.</u>